UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZACHARY LOUIS EMILE WATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01943-TWP-DML |
| ) | |
| INDIANA DEPT OF CORRECTIONS, ) | |
| J. JONES Chaplain, ) | |
| LOTZ Chaplain, ) | |
| STANLEY KNIGHT, ) | |
| I. RANDOLPH, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Issuance of Process**

Plaintiff Zachary Watterson, at relevant times an inmate at Plainfield Correctional Facility ("PCF"), filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Watterson is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Watterson names five defendants: 1) Indiana Department of Corrections; 2) Chaplain J. Jones; 3) Chaplain Lotz; 4) Stanley Knight; and 5) I. Randolph. He seeks damages and injunctive relief.

Mr. Watterson is Jewish. Upon his arrival at PCF on October 11, 2019, he requested to be placed on the Jewish Services Count letter. Chaplain Lotz told Mr. Watterson that there were no Jewish services at PCF due to the small Jewish population. Mr. Watterson was told that there had to be a certain number of participants for services to be made available, and that because there was no facilitator, he would have to provide his own. Mr. Watterson is a member of an organization called Aleph Institute who offers facilitators to IDOC, but Mr. Watterson feels he should not be responsible for providing his own facilitator.[1] Chaplain Lotz told Mr. Watterson that if a donation (presumably of religious materials or funds to purchase materials) was sent to Mr. Watterson, Chaplain Lotz would reject it, or "throw it in the back of the chapel" and not give it to Mr. Watterson. Dkt. 1 at 3. Chaplain Lotz would also tell the donor to send the donation to a better cause because Mr. Watterson was the only Jewish inmate at PCF, so the donor should "use the donations more wisely." *Id.*

Mr. Watterson has been unable to participate in any Jewish services at PCF. At one point, his request to worship was rejected because no worship services were being held in the chapel

---

[1] His attached exhibit also indicates that he attempted to provide his own facilitator, but the chaplains rejected him or her for not being on an approved list. Dkt. 1-1.

due to the COVID-19 pandemic. However, services for other religions have since resumed. Mr. Watterson feels "violated, singled out, and punished" for being Jewish. *Id.* He has suffered emotional and psychological problems from his inability to practice his religious beliefs.

Mr. Watterson seeks damages and injunctive relief. For injunctive relief, he wants all Indiana Department of Correction facilities to offer Jewish services and for donations to be accepted from approved vendors.

After Mr. Watterson filed his complaint, he was transferred to Edinburgh Correctional Facility.[2]

### III. Discussion

Mr. Watterson's First Amendment free exercise and Fourteenth Amendment equal protection claims **shall proceed** against Chaplain Lotz and Chaplain Jones in their individual capacities. *See Miller v. Smith,* 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

Mr. Watterson's claim for injunctive relief **shall proceed** against the Indiana Department of Correction and Warden Knight in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (The proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.") (citing *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989)). Although any claims for injunctive relief specific to PCF may be moot due to Mr. Watterson's transfer to another facility, he must be given the opportunity to develop facts concerning his likelihood of being transferred back to PCF.

---

[2] *See* Indiana Department of Correction, *Offender Search*, https://www.in.gov/apps/indcorrection/ofs/ofs (last visited Nov. 19, 2020).

*Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1005 (7th Cir. 2019) (citing *Young v. Lane*, 922 F.2d 370, 373–74 (7th Cir. 1991)).

Additionally, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, confers greater religious rights on inmates than the Free Exercise Clause has been interpreted to do. *See* 42 U.S.C. § 2000cc-1; *Cutter v. Wilkinson*, 544 U.S. 709, 714–17 (2005). Although Mr. Watterson does not mention RLUIPA, he is proceeding *pro se* and in such cases the Court interprets the First Amendment claim to include the statutory claim. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009). Only injunctive relief is available under RLUIPA. *See Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019). Thus, claims under the RLUIPA **shall proceed** against the Indiana Department of Correction and Warden Knight.

Any claims against I. Randolph and Warden Knight in their individual capacities are **dismissed**. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation and citation omitted). Mr. Watterson includes no factual allegations that demonstrate Warden Knight or I. Randolph deprived Mr. Watterson of his ability to practice his religion.

Any claim against the Indiana Department of Correction for damages is **dismissed**. The Eleventh Amendment bars private lawsuits for damages in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016).

This summary of claims includes all the viable claims identified by the Court. If Mr. Watterson believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 21, 2020**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to terminate I. Randolph as a defendant.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants 1) Indiana Department of Corrections; 2) Chaplain J. Jones; 3) Chaplain Lotz; 4) Stanley Knight in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], exhibit, dkt. [1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 11/20/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ZACHARY LOUIS EMILE WATTERSON
227246
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124

Electronic Service to Indiana Department of Correction, Central Office:

Indiana Department of Correction

Electronic Service to Indiana Department of Correction Employees at Plainfield Correctional Facility:

Chaplain J. Jones
Chaplain Lotz
Warden Stanley Knight