UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZACHARY LOUIS EMILE WATTERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDIANA DEPT OF CORRECTIONS, ) <br> J. JONES Chaplain, ) <br> LOTZ Chaplain, ) <br> STANLEY KNIGHT, ) <br> I. RANDOLPH, ) <br> ) <br> Defendants. ) | No. 1:20-cv-01943-TWP-DML |

**Order Denying Motion to Request Eleventh Amendment Immunity Waiver and
Granting Motion to Amend Complaint**

Plaintiff Zachary Watterson filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated his constitutional rights. His complaint was screened, and First and Fourteenth Amendment claims were permitted to proceed against Chaplain Lotz and Chaplain Jones in their individual capacities, and claims for injunctive relief were permitted to proceed against the Indiana Department of Correction ("IDOC") and Warden Knight under the First Amendment and RLUIPA. Dkt. 16. Mr. Watterson has filed two motions which the Court now addresses.

**I.     Eleventh Amendment Immunity**

Mr. Watterson's motion to request Eleventh Amendment immunity waiver, dkt. [19], is **denied**. As explained in the screening order, any claim for damages against the IDOC is barred under the Eleventh Amendment. *Joseph v. Bd. of Regents of Univ. of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005); *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). As the Seventh Circuit has explained, "Congress did not abrogate the states' sovereign

immunity from suit under section 1983, as it could have done." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). The Seventh Circuit has also found that damages are unavailable under RLUIPA because the statute does not unambiguously waive immunity. *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019).

## II. Amend Complaint

Mr. Watterson's motion to amend his complaint, dkt. [20], in which he seeks to add claims against a new defendant David Liebel, is **granted** to the extent that Mr. Watterson has **through January 14, 2021**, to file an amended complaint. Mr. Watterson's motion only includes facts about Mr. Liebel, not the other defendants. But an amended complaint completely replaces the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation that Mr. Watterson wishes to pursue in this action.

Any amended complaint should have the proper case number, 1:20-cv-01943-TWP-DML, and the words "Amended Complaint" on the first page. The amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, Mr. Watterson's original complaint, dkt. [1], will remain the operative complaint.

**IT IS SO ORDERED.**

Date:   12/15/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ZACHARY LOUIS EMILE WATTERSON
227246
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124