UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZACHARY LOUIS EMILE WATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01943-TWP-DML |
| ) | |
| INDIANA DEPT OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Issuance of Process**

Plaintiff Zachary Watterson, at relevant times an inmate at Plainfield Correctional Facility ("PCF") and Edinburgh Correctional Facility ("JCU"), filed this action pursuant to 42 U.S.C. § 1983. The Court previously screened Mr. Watterson's complaint and issued process to certain defendants. Mr. Watterson has filed an amended complaint, subject to screening under 28 U.S.C. § 1915A(a).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Mr. Watterson names five defendants: 1) Indiana Department of Correction ("IDOC"); 2) Chaplain J. Jones; 3) Chaplain Lotz; 4) Stanley Knight; and 5) David Liebel. He seeks damages and injunctive relief. With the exception of the claims against Mr. Liebel, Mr. Watterson's claims are materially the same as those set out in his original complaint.

Mr. Watterson is Jewish. Upon his arrival at PCF on October 11, 2019, he requested to be placed on the Jewish Services Count letter. Chaplain Lotz told Mr. Watterson that there were no Jewish services at PCF due to the small Jewish population. Mr. Watterson was told that there had to be a certain number of participants for services to be made available, and that because there was no facilitator, he would have to provide his own. Mr. Watterson is a member of an organization called Aleph Institute who offers facilitators to IDOC, but Mr. Watterson feels he should not be responsible for providing his own facilitator. Chaplain Lotz told Mr. Watterson that if a donation to purchase religious materials was sent to Mr. Watterson, Chaplain Lotz would reject it, or "throw it in the back of the chapel" and not give it to Mr. Watterson. Dkt. 29 at 2. Chaplain Lotz would also tell the donor to send the donation to a better cause because Mr. Watterson was the only Jewish inmate at PCF, so the donor should "use donations more wisely." *Id.*

Mr. Watterson was unable to participate in any Jewish services at PCF. At one point, his request to worship was rejected because no worship services were being held in the chapel due to the COVID-19 pandemic. However, services for other religions later resumed. Mr. Watterson feels

"violated, singled out, and punished" for being Jewish. *Id.* He has suffered emotional and psychological problems from his inability to practice his religious beliefs.

Mr. Watterson filed grievances about his inability to practice his faith. Warden Knight denied the grievances at the facility level. David Liebel denied his grievances when they reached IDOC's central office, and he personally denied Mr. Watterson's request for religious services.

Mr. Watterson has been transferred to JCU. There, his requests for religious services and materials have been directed to Mr. Liebel. Mr. Watterson requested to purchase a Star of David pendant because the one offered through commissary was of a different faith. That request was denied. Mr. Watterson was able to observe Chanukah, but Mr. Liebel denied Mr. Watterson's request for grape juice and matzo, saying they were not part of the celebration.

Mr. Watterson seeks damages and injunctive relief. For injunctive relief, he wants all IDOC facilities to offer Jewish services and for donations to be accepted from approved vendors.

### III. Discussion

Mr. Watterson's First Amendment free exercise and Fourteenth Amendment equal protection claims **shall proceed** against Chaplain Lotz, Chaplain Jones, and David Liebel in their individual capacities. *See Miller v. Smith,* 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

Mr. Watterson's claim for injunctive relief **shall proceed** against IDOC and Warden Knight in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (The proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.") (citing *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir.

1989)). Although any claims for injunctive relief specific to PCF may be moot due to Mr. Watterson's transfer to another facility, he must be given the opportunity to develop facts concerning his likelihood of being transferred back to PCF. *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1005 (7th Cir. 2019) (citing *Young v. Lane*, 922 F.2d 370, 373–74 (7th Cir. 1991)).

Additionally, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, confers greater religious rights on inmates than the Free Exercise Clause has been interpreted to do. *See* 42 U.S.C. § 2000cc-1; *Cutter v. Wilkinson*, 544 U.S. 709, 714–17 (2005). Although Mr. Watterson does not mention RLUIPA, he is proceeding *pro se* and in such cases the Court interprets the First Amendment claim to include the statutory claim. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009). Only injunctive relief is available under RLUIPA. *See Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019). Thus, claims under the RLUIPA **shall proceed** against IDOC and Warden Knight.

Any claim against Warden Knight in his individual capacity remains **dismissed**. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation and citation omitted). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017). That Warden Knight failed to respond favorably to Mr. Watterson's grievances does not rise to the level of personal involvement required to state a claim.

## IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant David Liebel in the manner specified by Rule 4(d) and to **add** David Liebel as a defendant on the docket. Process shall consist of the amended complaint, dkt. [29], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 2/3/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ZACHARY LOUIS EMILE WATTERSON
227246
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Electronic Service to IDOC Employee:
David Liebel, IDOC Central Office